# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

**ATTESTWAVE LLC,**
        Plaintiff,

v.

**ZOHO CORPORATION d/b/a MANAGEENGINE,**
        Defendant.

**Case No. 6:22-cv-01113**

**Patent Case**

**Jury Trial Demanded**

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff AttestWave LLC ("Plaintiff"), through its attorneys, complains of Zoho Corporation dba ManageEngine ("Defendant"), and alleges the following:

## PARTIES

2. Plaintiff AttestWave LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th St, Suite 1003, New York, NY 10001.

3. Defendant is a corporation organized and existing under the laws of Texas that maintains an established place of business at 4708 Hwy 71 E, Del Valle, TX 78617.

4. On information and belief, Defendant sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant may be served through its registered agent Rodrigov Vaca, 9390 Research Blvd, Building II, Suite 440, Austin, TX, 78759, or anywhere else it may be found.

## JURISDICTION

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

8. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENT-IN-SUIT

9. Plaintiff is the assignee of all right, title and interest in United States Patent No. 7,305,704 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '704 PATENT

10. The '704 Patent is entitled "Management of trusted flow system," and issued 2007-12-04. The application leading to the '704 Patent was filed on 2002-08-14. A true and correct copy of the '704 Patent is attached hereto as Exhibit A and incorporated herein by reference.

## COUNT 1: INFRINGEMENT OF THE '704 PATENT

11. Plaintiff incorporates the above paragraphs herein by reference.

12. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '704 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count as Exhibit B (the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '704 Patent also identified in the charts incorporated into this Count as Exhibit B (the "Exemplary '704 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '704 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

13. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '704 Patent Claims, by having its employees internally test and use these Exemplary Products.

14. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts, constitutes actual knowledge of infringement as alleged here.

15. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '704 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '704 Patent. See Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

16. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to

induce infringement of the '704 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '704 Patent.

17. Exhibit B includes charts comparing the Exemplary '704 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '704 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '704 Patent Claims.

18. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

19. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### JURY DEMAND

20. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '704 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly and indirectly one or more claims of the '704 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment

is entered with respect to the '704 Patent, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

E.  And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

  i.  that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

  ii.  that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii.  that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: October 26, 2022                     Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com

Jeffrey E. Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com

5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

*Attorneys for ATTESTWAVE LLC*.